# Falduto, Appellant, *v.* Hastings Coal & Coke Co.

*Negligence — Mines and mining — Contributory negligence — Riding on motor—Collision with loaded car—Nonsuit.*

In an action by a miner against his employer, a coal company, for personal injuries, a nonsuit is properly entered where it appears that the plaintiff, after his day's work, started for the mouth of the mine, but instead of going the usual and safe way, took a seat in front of a standing motor; almost immediately after the motor started, it collided with a "trip" of loaded cars standing in the dark without signal in the rear, on the same track ahead of it, and plaintiff was injured; and plaintiff knew that such "trips" without signals were at times left standing on the track.

Argued September 28, 1920.   Appeal, No. 144, Oct. T., 1920, by plaintiff, from order of C. P. Cambria Co., Sept. T., 1916, No: 421, refusing to take off nonsuit in case of Pasquale Falduto v. Hastings Coal & Coke Co.   Before Brown, C. J., Stewart, Moschzisker, Walling, Simpson and Kephart, JJ.   Affirmed.

Trespass for personal injuries.   Before O'Connor, P. J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting record.

*Charles J. Margiotti,* with him *George E. Wolfe,* for appellant.

*Philip N. Shettig,* with him *M. D. Kittell,* for appellee.

Per Curiam, December 31, 1920:

The plaintiff, a miner in the employ of the defendant company, after completing a day's work, started

for the mouth of the mine. The way out was by the main heading, through which he could have passed safely to the surface, but, instead of doing so, he took a seat on the front of a motor standing on a track in the heading. Almost immediately after it started it collided with a "trip" of loaded coal cars standing on the same track ahead of it, and the legs of the plaintiff, hanging over the bumper, were crushed by the collision. In this action, brought for the recovery of damages for the injuries sustained, defendant's motion for a nonsuit could not have been denied. The mine was dark and no signal light was on the rear of the "trip" of cars. Plaintiff admitted that he knew such "trips" without signals were at times left standing on the track, and, with this knowledge, he voluntarily placed himself in a position on the motor in which he was liable to sustain the injuries that befell him. If it was dark he could not see what he knew might be ahead of him; if it had been light and he had been injured by the collision, it would have been his own fault in not avoiding it before it occurred.

Judgment affirmed.